UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVIN TREVON HOLMAN,

Plaintiff,

v.

E. DOWLING,

Defendant.

No. 1:26-cv-04662-SAB (PC)

ORDER STRIKING FIRST AMENDED COMPLAINT FOR LACK OF SIGNATURE

(ECF No. 10)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on June 17, 2026, and a first amended complaint as a matter of right on July 23, 2026.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In preparing to screen the complaint, the Court noted that Plaintiff's complaint lacks any signature. (ECF No. 1, 5.) Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of

[1] Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).

record or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). As Plaintiff's amended complaint is unsigned, the Court must strike it from the record.[2] Plaintiff will be permitted an opportunity to file a signed complaint that complies with the Federal Rules of Civil Procedure and the Local Rules.[3]

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed on July 23, 2026, is stricken from the record for lack of signature;
2. The Clerk of Court shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30)** days from the date of service of this order, Plaintiff shall file an amended complaint bearing his signature; and
4. The failure to comply with this order will result in a recommendation to dismiss the action.

IT IS SO ORDERED.

Dated: **July 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge

[2] The Court notes Plaintiff used this Court's Civil Rights Complaint by a Prisoner form; however, Plaintiff did not include and/or complete the last page of the form complaint. Th
at page asks Plaintiff to state the remedy or relief he seeks and provides spaces for the date and Plaintiff's signature.

[3] Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").